# IN THE MATTER OF ANDRES GRILLASCA, EX PARTE.

San Juan.

## ON WRIT OF HABEAS CORPUS.

Commutation of Sentence by the President—Right of This Court to Modify the President's Order.

1. Where a sentence of this court has been commuted by the President, this court has no right to modify the President's order.

In the Matter of Grillasca.

Modification of Sentence by the President—Allowances under the Local Law.
2. Where the President has modified a sentence of this court and said that the accused shall serve six months, the accused cannot take advantage of the allowances offered by the local law.

Opinion filed May 13, 1916.

Mr. *Antonio Trujillo Guil* for petitioner.

Mr. *Miles M. Martin,* United States Attorney, for the government.

HAMILTON, Judge, delivered the following opinion:

As I understand it, this defendant was sentenced by this court to one year's imprisonment, to say nothing of the fine; and, on account of his appeal, that imprisonment did not begin until the 10th of December of last year. If there were nothing else in the case, his year's imprisonment would not end until the 10th, or certainly the 9th, of next December, which has not yet arrived. That is regardless of the question of fine.

1. The President has seen fit, for good reasons no doubt, to modify the sentence of this court. The technical expression is to commute the sentence, by cutting it in half. Possibly that grew out of the novel situation in which the defendant found himself as to his bill of exceptions, so that he did not get his case before the Supreme Court. At all events, the President, who has the right under the Constitution, has declared this: "That he does hereby commute the sentence of the said Andres Grillasca to six months' imprisonment and a fine of $250 upon con-

In the Matter of Grillasca.

dition that the fine be paid." Then follows the seal and signature.

One of two things follows from the prisoner's contention that the clause as to $250 is inoperative, either the President made a mistake when he did that, or he did something he had no power to do, and this court should just pass through those two lines, or this means what it says, that Grillasco will be allowed to leave the jail at the end of six months, which on its face would not be until next month, provided he pays $250.

I do not think I would have any right to scratch out two lines of the President's pardon or commutation, and unless this paper is effective, the sentence of the court for one year continues. There is no question about that sentence. It is a valid sentence. The only question seems to be about what the President has done in the way of modifying it, and I am not going to construe the President as meaning something that he does not say.

There is a provision of the Revised Statutes, if I recollect right, which certainly has been applied to sentences here in this court, to the effect that upon a certain affidavit by the prisoner that he cannot pay a fine, he will not be kept in prison on account of the fine. That is perfectly true, but it is not this case. This case is that he has got to stay in the penitentiary for six or seven months longer unless he does what the President gives him the right to do, to pay $250. I do not think I can change what the President has written.

2. This is quite apart from the question whether the five days' allowance in every month applies when it is a case where the President has expressly said six months. I doubt if the Porto Rico law could come in and say the President did not

In the Matter of Grillasca.

mean that, but that he meant five months.  I hardly think the Porto Rican or any other law could control the President's act of clemency.  But it seems that the sentence stands until the prisoner conforms to whatever the President has written, and he will have to get together the $250 before he can come under the privilege that the President has extended to him.  I do not see any way out of that.

Upon the return, therefore, the court remands the prisoner to the warden to be held in conformity with the law.